UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24710-RAR

**MICHAEL FELIX,**

    Plaintiff,

v.

**SGT. ALEXANDER CANOVAS**, *et al.*,

    Defendants.
_____/

**ORDER DISMISSING CASE**

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on December 12, 2023.  *See* Compl. [ECF No. 1].  Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(a) ("IFP Motion").  [ECF No. 3].  Upon screening this Complaint, the Court finds that Plaintiff's claims are presently barred from being brought in federal court under the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine.  Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice*.

**LEGAL STANDARD**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.") (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks

monetary relief from a defendant who is immune from such relief. *See id.* "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). And to state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against four members of the City of Miami Police Department. *See* Compl. at 2–3. Plaintiff alleges that Defendants chased

him down "for no reason" and proceeded to tase and beat him. *Id.* at 5. As a result of this use of force, Plaintiff claims that he has "lost complete vision out of my left eye." *Id.* Plaintiff also argues that he has been "incarcerated over 300+ days" without "civilian due process." *Id.*[1] Plaintiff asks for $20 million in damages and for "liberty, freedom, justice and basic rights." *Id.* Liberally construing the Complaint, the Court finds that Plaintiff accuses Defendants of: (1) using excessive force against him in violation of the Fourth Amendment, and (2) illegally incarcerating him without "due process" and with "excessive bail."

Plaintiff has attached several exhibits to his Complaint including an arrest affidavit, *see* Arrest Affidavit, [ECF No. 1-2], at 21–23, and an Information charging Plaintiff with several crimes in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. F22-018268, *see* Information, [ECF No. 1-2], at 24. Since Plaintiff chose to attach these exhibits to his Complaint, they have "become[ ] part of the pleading for all purposes[.]" *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (citing FED. R. CIV. P. 10(c)). In fact, "[a] district court can generally consider exhibits attached to a complaint . . . and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

This kind of discrepancy exists here. Although Plaintiff says that Defendant chased, tased, and beat him for "no reason," this allegation is squarely contradicted by the arrest affidavit Plaintiff attached to the Complaint. Compl. at 5. According to the affidavit, Defendants responded to the scene of a traffic incident where Plaintiff was "observed unresponsive on the driver seat while

---

[1] Plaintiff complains that he "did not receive [a] Security Deed." Compl. at 5. This allegation is not relevant to any of Plaintiff's other claims since a "security deed" (which appears to be a term of art used in Georgia, not Florida) is simply used to secure debt with real property. *See In re Corley*, 447 B.R. 375, 385 (Bankr. S.D. Ga. 2011). Needless to say, the failure to receive a security deed has nothing to do with Plaintiff's arrest and subsequent prosecution, nor would it amount to a violation of federal or constitutional law that is redressable under § 1983.

operating a vehicle[.]" Arrest Affidavit, [ECF No. 1-2], at 21. When Plaintiff regained consciousness, he exited the vehicle and "be[gan] sprinting toward the Shell gas station." *Id.* at 22. When Defendants chased and tackled the fleeing Plaintiff, Plaintiff "resisted [being] handcuffed" by "locking his arms on his chest area." *Id.* The officers deployed a taser to effectuate Plaintiff's arrest, but only after declaring a "taser discharge warning multiple times . . . to no avail." *Id.* Defendants also noticed that Plaintiff had a gun on his waist, so the officers took steps to disarm him. *Id.* Plaintiff is now currently facing several charges related to this event, including resisting an officer with violence to his person in violation of FLA. STAT. § 843.01. *See* Information, [ECF No. 1-2], at 24. If the facts in the arrest affidavit are true, then Defendants did not violate Plaintiff's constitutional rights because their use of force was justified and reasonable under the circumstances. *See Manners v. Cannella*, 891 F.3d 959, 974 (11th Cir. 2018) (holding that use of physical force and a taser to secure a suspect who "struggled against . . . repeated attempts to place him in handcuffs through physical actions" was reasonable under the Fourth Amendment).

Of course, the allegations in the arrest affidavit might be false. Fortunately for Plaintiff, the United States Constitution provides him with "the right to a speedy and public trial, by an impartial jury . . . ; to be confronted with the witnesses against him; . . . and to have the Assistance of Counsel for his [defense]." U.S. CONST. amend. VI. If the Court allows this case to proceed, it will unlawfully usurp the role of the state-court jury by endorsing Plaintiff's view (that he was attacked by Defendants for no reason) over Defendant's view (that their use of force was justified to restrain a fleeing, armed, and resisting suspect) before a trial on the issue is completed. *Cf. Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed."). Hence, when a criminal defendant (like Plaintiff) files a civil rights suit that challenges the legality of matters within the scope of his prosecution, federal courts must generally abstain from hearing those cases. *See Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) ("[T]he [*Younger*] doctrine usually applies in cases involving criminal prosecution or the criminal justice system."); *see also Destin v. Brooks*, No. 23-CV-20715, 2023 WL 2240453, at *2–3 (S.D. Fla. Feb. 27, 2023) (applying *Younger* to pretrial detainee's claims "for an illegal search of his person and a false arrest" against his arresting officers).

However, there are "three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). None of these exceptions, however, apply here. *First*, Plaintiff does not allege that his prosecution was motivated by bad faith, nor could he since there is no indication that his prosecution was "brought with no intention of securing a conviction or with an intention to harass." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (citing *Younger*, 401 U.S. at 48). *Second*, the only "injury" Plaintiff mentions in his Complaint is his continued detention, but pretrial detention is not an "irreparable injury" under *Younger*. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975). *Third*, Plaintiff can maintain his factual innocence during his trial and raise any constitutional challenge he wishes in state court, so there is no absence of an adequate state forum that requires the intervention of a federal court. *See Pompey v. Broward*

*Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996).  Since none of *Younger*'s exceptions apply, the Court must abstain from hearing this cause and **DISMISS** Plaintiff's Complaint.[2]

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice* under *Younger*.  All other pending motions are **DENIED as moot**.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 14th day of December, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Michael Felix, *pro se*

---

[2] In addition to the *Younger* issue, the Court also finds that Plaintiff cannot state a claim against Defendants based on the allegation that he is being held without due process and on excessive bail.  Plaintiff's arresting officers did not order his pretrial detention, so Plaintiff cannot establish a nexus between Defendants' actions and a violation of his rights under the Due Process Clause and/or the Eighth Amendment.  *See Campbell v. Johnson*, 586 F.3d 835, 843 (11th Cir. 2009) (holding that, under Florida law, courts have "the sole authority to hear and decide issues regarding bail," not law enforcement officers).